Vito R. de la Cruz, WSBA No. 20797
TAMAKI LAW OFFICES
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
509.248.8338
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID A. ROCHA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SPOKANE COUNTY, THE SPOKANE COUNTY SHERIFF'S DEPARTMENT, DEPUTY SHERIFF TYLER S. KULLMAN, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, AND JOHN DOE 1-10,<br><br>Defendants. | NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## I.    NATURE OF THE CASE

1.    Plaintiff, David Rocha, by and through counsel, Vito de la Cruz of Tamaki Law, hereby brings this action against Spokane County, the Spokane County Sheriff's Department, Deputy Sheriff Tyler S. Kullman, and Spokane

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 1

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

County Sheriff Ozzie Knezovich, for injuries Plaintiff suffered when Deputy Sheriff Kullman released his canine, Khan, and ordered him to attack Plaintiff. Plaintiff was severely mauled as a result.

2.  This complaint is brought pursuant to 42 U.S.C. §§1983 and 1988 and supplemental state-law claims.

## II.  PARTIES AND PROCEDURE

3.  Plaintiff David Rocha is and at all material times, was a resident of Spokane County, State of Washington.

4.  Defendant Deputy Sheriff Tyler Kullman was, at all material times, an employee of the Spokane County Sheriff's Department working as a K-9 officer with his canine, Khan.

5.  Defendant Spokane County Sheriff Ozzie Knezovich at all material times, was employed by Spokane County as the Spokane County Sheriff and as such was in command of the Spokane County Sheriff's Department.

6.  Defendant Spokane County is a political subdivision of the State of Washington organized and established by the laws and Constitution of the State of Washington. Spokane County, at all material times, employed Defendants Kullman and Ozzie Knezovich (Sheriff). The County of Spokane, at all material times, operated, administered and was and is responsible for the Defendant Spokane County Sheriff's Department.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 2

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

7.     Defendants John Does 1-10 are Spokane County Sheriff Department Deputies who as yet have not been identified and who took part in the events alleged herein or who had supervisory and/or policy making authority over Defendant Kullman and the Spokane County Sheriff's Department.

8.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and are otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

9.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint actor, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 3

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

10. The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Spokane County Sheriff's Department.

11. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Washington.

12. Plaintiff herein timely and properly filed a tort claim pursuant to Washington State law and this action is timely filed within all applicable statutes of limitation.

13. This complaint may be pled in the alternative pursuant to FRCivP 8(e) (2).

### III. JURISDICTION

14. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331, 1343(a) (3) and (4) and 1367(a).

### IV. FACTS

15. On February 14, 2016, at approximately 3:30 a.m., Plaintiff David Rocha was walking away from a domestic confrontation that he had had with his son-in-law.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 4

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

16. At the time, Plaintiff and his wife lived in a house with Plaintiff's daughter, her husband, and their children.

17. As Plaintiff walked away from the residence, he was unarmed and did not pose a threat to anyone.

18. Plaintiff walked legally along the side of Buckeye Street, in Spokane County.

19. Unbeknownst to Plaintiff, someone had called police dispatch regarding the domestic confrontation and units of the Spokane County Sheriff's Department had responded to the area of the residence.

20. The Sheriff's units that responded to the scene included the canine unit comprised of Defendant Deputy Sheriff Kullman and his dog Khan.

21. Upon information and belief, there were multiple Spokane County Sheriff units that ultimately surrounded Plaintiff Rocha as he walked along the side of the road. The identity of all of the Sheriff's units that responded at this time is unknown.

22. Reports indicate that one or more of the Spokane County Deputy Sheriffs yelled at Plaintiff to stop.

23. Apparently, more than one of the Deputy Sheriffs aimed the laser sights on their firearms at Plaintiff Rocha as he continued to walk along the road.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 5

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

24. Plaintiff Rocha apparently responded that he knew his rights and was not going to stop and that he wanted to continue to walk to a police substation located a short distance from the residence.

25. At some point during the incident, Defendant Kullman released his dog Khan and either ordered him to attack or did not reasonably restrain him.

26. When Khan attacked, Plaintiff did not pose a danger to any officer or civilian.

27. The canine, acting on his handler's orders, attacked Plaintiff, mauling him and inflicting serious, permanent injuries.

28. Defendant Kullman and Does 1-10 failed to give any warning to Plaintiff Rocha, before deploying the canine and ordering the canine to attack, even though a warning would have been feasible and proper.

29. At the time that Defendant Kullman and Does 1-10 exercised deadly force against Plaintiff Rocha, Plaintiff did not pose a significant and/or immediate threat of death or serious physical injury to Defendants or to anyone else.

30. At all material times, Plaintiff Rocha was neither armed nor dangerous.

31. Alternatively, or concurrently, Defendants' excessive and unreasonable actions created a risk of harm to Plaintiff Rocha.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 6

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

32.    The conduct of Defendant Kullman and Defendant Does 1-10, including but not limited to their decisions to stop and seize Plaintiff Rocha, the manner in which they conducted that stop and seizure, their failure to communicate with Plaintiff, their failure to warn that deadly force would be used, and their use of deadly force, was contrary to generally accepted reasonable police procedures and tactics and caused Plaintiff's injuries.

33.    At all material times, and alternatively, the actions and omissions of each of the defendants was intentional, wanton and/or willful, shocking to the conscience, reckless, malicious, and deliberately indifferent to Plaintiff's rights and done with actual malice, gross negligence, negligence and was objectively unreasonable.

34.    Plaintiff was transported to Providence Sacred Heart Medical Center in Spokane to be treated for his severe injuries.

35.    As a direct and proximate result of each Defendants' acts and/or omissions, Plaintiff sustained the following injuries and damages, past and future, among others:

    a.    Severe physical and psychological injuries;

    b.    Past and future hospital and medical expenses for emergency care on the night of this incident and subsequent surgeries to repair the damage caused by the canine's mauling;

    c.    Severe emotional distress;

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 7

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

  d. Violation of Constitutional rights.

  e. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under Washington and United States statutes, codes and common law;

  f. Pain and suffering;

  g. Punitive damages as permitted pursuant to federal law.

## V. FIRST CAUSE OF ACTION
## 42 U.S.C. §1983

36. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

37. Defendants' acts and omissions described above, violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

  a. The right to be free from unreasonable searches and seizures;

  b. The right to be free from excessive and unreasonable force;

  c. The right to be free from the use of unlawful deadly force;

  d. The right to be free of unlawful, reckless, deliberately indifferent and conscience shocking deadly force.

38. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 8

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

conscious disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

39. As a direct and proximate result of Defendants acts and/or omissions as set forth above, Plaintiff sustained injuries and damages.

40. Defendants' conduct entitles Plaintiff to punitive damages pursuant 42 U.S.C. §1983.

41. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. §1988.

## VI. NEGLIGENCE
### (Against all Defendants)

42. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

43. These allegations for common law negligence under state law share and arise out of a common nucleus of operative facts with violations of 42 U.S.C. §1983.

44. At all material times, Defendants, jointly and severally, owed duties to Plaintiff to act with ordinary care in the execution and enforcement of any right, law, or legal obligation.

45. At all material times, these duties of ordinary care included but were not limited to the following:

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 9

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

    a.    To refrain from using excessive and/or unreasonable force;

    b.    To refrain from unreasonably creating a situation where force, including but not limited to, deadly force, was used;

    c.    To refrain from abusing their authority granted them under the law;

    d.    To refrain from violating Plaintiff's rights guaranteed by the United States and Washington Constitution, as set forth above, and as otherwise protected by law.

46.    At all material times, Defendants' duty to exercise ordinary care included but were not limited to the following specific obligations:

    a.    To properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law;

    b.    To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

    c.    To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth herein.

47.    Through their acts and omissions, Defendants breached each and every one of the aforementioned duties owed to Plaintiff.

48.    At all material times, Defendant Kullman acted under color of law in his capacity as an employee of Defendant Spokane County.

49.    Defendant Spokane County was negligent and breached its duty of ordinary care to Plaintiff.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 10

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

50.     As a direct and proximate cause of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth herein.

## VII.   ASSAULT
### (Against Defendant Kullman and John Does 1-10)

51.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

52.     Defendant Deputy Sheriff Kullman jointly and/or in concert with Defendants John Does 1-10 intentionally, viciously, and unjustifiably caused Defendant Kullman's canine to attack Plaintiff. As described herein Defendant Kullman and John Doe 1-10 put Plaintiff in fear of imminent, unwanted touching which constituted an assault.

## VIII. BATTERY
### (Against Defendant Kullman and John Does 1-10)

53.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

54.     Defendant Kullman jointly and/or in concert with Defendant John Does 1-10 intentionally, viciously, and unjustifiably caused the canine Khan to attack Plaintiff, as described herein.

55.     The acts and/or omissions of Defendants constituted unlawful battery.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 11

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

## IX. OUTRAGE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Kullman)

56. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

57. When Defendant Kullman caused the canine to attack Plaintiff, as described herein, he intended to inflict emotional distress or he knew or should have known that there was a high probability that his conduct and that of his canine would cause emotional distress and he deliberately disregarded that probability.

58. Defendant Kullman's conduct went beyond all bounds of decency and were utterly intolerable in a civilized community such that no reasonable person could be expected to endure.

59. Defendant Kullman's conduct constituted intentional infliction of emotional distress and outrage.

## X. VIOLATION OF 42 U.S.C. §1983—RATIFICATION
(Against Defendant Spokane County and Defendant Sheriff Ozzie Knezovich Spokane County Sheriff's Department)

60. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 12

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

61.  Defendants Sheriff Ozzie Knezovich and Spokane County approved and ratified Defendant Kullman's unconstitutional conduct performed at all times under the color of law.

62.  As such, Defendant Sheriff and Defendant Spokane County are liable to Plaintiff under 42 U.S.C. §1983.

## XI.  DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

63.  Compensatory damages to the fullest extent allowed by law;

64.  Punitive damages against Defendant Kullman;

65.  Reasonable attorney's fees, interest and costs;

66.  Equitable relief requiring Defendants to:

   a.  Use only reasonable force in the performance of their duties;

   b.  Intervene when excessive force is used by other police officers in the course of an arrest;

   c.  Report to superiors the use of and injuries caused during the use of excessive force;

   d.  Write complete and truthful police reports;

   e.  Institute appropriate police training, supervision, and disciplinary responses that will require and promote: only the use of reasonable force by police officers; the intervention by police officers into the use of excessive force oy other officers; and

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 13

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338

67. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be appropriate in the interests of justice.

## XII. DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

DATED this 19th day of June, 2017.

s/Vito de la Cruz
Vito de la Cruz/20797
Attorney for the Plaintiffs
Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima, WA 98902
Telephone: 509-248-8338
Fax: 509-452-4228
Email: vito@tamakilaw.com

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED - 14

Tamaki Law Offices
1340 N. 16th Ave., Ste. C
Yakima WA 98902
509-248-8338